IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**OREN DEAN DIPIERRO,**
**Inmate No. 10234-023,**

Petitioner,

**THOMAS WELDON,**
**Inmate No. 11066-059,**

Petitioner,

vs.

**J.S. WALTON,**

Respondent.                                                                 Case No. 12-cv-1299-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioners Oren Dean DiPierro and Thomas Weldon (Collectively, petitioners), currently incarcerated at USP-Marion (Marion), bring this habeas corpus action pursuant to 28 U.S.C. § 2241 to seek restoration of good conduct credit (Doc. 1). Before addressing the Court's preliminary review of petitioners' claims, the Court must first address the need for severance. First, there are numerous problems which can arise when inmates wish to prosecute joint claims. *See generally Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). For example, prisoners may be unable to remain in contact pending the resolution of a lawsuit, due to their restricted freedom of movement, making it difficult to jointly develop a strategy or respond to motions. Also, one prisoner

may attempt to act on behalf of the other without that prisoner's legal authority to do so. Finally, specifically applicable to the instant petition, petitioner's individualized remedies, return of their respective good conduct credit, are best addressed in separate causes of action. For these reasons, petitioners' claims are **SEVERED** pursuant to FED. R. CIV. P. 21. *See Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000) ("It is within the district court's broad discretion whether to sever a claim under Rule 21.").

As petitioner Oren Dean DiPierro has paid the $5.00 filing fee in the instant action, petitioner Thomas Weldon's claim shall serve as the new case. However, the Court Orders petitioner Weldon to pay the initial $5.00 filing fee or file a motion for *in forma pauperis* before the Court can undertake a preliminary review of his claims. Although the Court is not dismissing petitioner Weldon's claim but severing it, the Court feels this individual approach to fees is necessary in the context of prisoner litigation, whether the Prisoner Litigation Reform Act applies or not. *See Boriboune*, 391 F.3d at 855-56 (discussing per-litigant approach to fees in context of Section 1983 actions). Thus, petitioner Weldon shall be required to pay the requisite $5.00 filing fee or file a motion to proceed *in forma pauperis* by **February 1, 2013** or his case may be dismissed.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

    (1)    This Memorandum and Order

    (2)    The Original Petition (Doc. 1)

Further, the Clerk is **DIRECTED** to send petitioner Thomas Weldon:

(1)   A blank motion to proceed *in forma pauperis*

As to petitioner DiPierro's case, without commenting on the merits of petitioner DiPierro's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead, solely as to petitioner DiPierro's claim, within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioners are **ADVISED** of their continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 10th day of January, 2013.

David R. Herndon
2013.01.10
08:52:47 -06'00'

**Chief Judge**
**United States District Court**